UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

REGINALD BOWERS,

    Petitioner,

        v.                         CAUSE NO. 3:20-CV-581-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Reginald Bowers, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-1-187) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of possessing a deadly weapon in violation of Indiana Department of Correction Offense 106. Following a hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and two demotions in credit class.

Bowers argues that he is entitled to habeas relief because he did not possess a deadly weapon. He also asserts that the chain of custody for the confiscated weapon was not sufficiently documented and that he never signed a confiscation form.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represents that he found a makeshift weapon under the sleeping mat assigned to Bowers. ECF 6-1. It also includes a photograph of the makeshift weapon. ECF 6-2. The conduct report and the photograph constitute some evidence that Bowers possessed a deadly weapon. While the documentation may be lacking and Bowers represents that the conduct report was false, the sufficiency of the evidence analysis for prison disciplinary proceedings "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Because Bowers has not asserted a valid claim for habeas relief, the habeas petition is denied. If Bowers wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Reginald Bowers leave to proceed in forma pauperis on appeal.

SO ORDERED on August 20, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT